FILED
2022 Apr-29  PM 01:02
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CITY OF BIRMINGHAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | |
| **TRANE U.S. INC., RICHARD** | ) | **2:22-cv-00541-CLM** |
| **CARSON, DANIEL SHABO, and** | ) | |
| **JOHN DOES 1 – 10,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT TRANE U.S. INC'S PARTIAL MOTION
## TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)

Defendant Trane U.S. Inc. respectfully moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Counts One, Two, Three, Four, Five, Six, and Eight of Plaintiff City of Birmingham's Complaint for failure to state a claim.

The bases for dismissal are as follows:

- The City's fraud (Count One) and negligent misrepresentation (Count Two) claims are barred by the two-year statute of limitations.

- The City's negligence claim (Count Three) is based on Trane's alleged breaches of duties arising out of the parties' contract, which cannot support a negligence claim under Alabama law.

- The City's implied warranty of good workmanship claim (Count Four) should be dismissed because the parties' contract disclaims all implied warranties.

1

- The City's unjust enrichment claim (Count Five) should be dismissed because it is untimely and is based on an untenable fraudulent misrepresentation claim.

- The City's declaratory judgment claim (Count Six) should be dismissed because it is not a standalone cause of action and because there is no requirement in the applicable Alabama statute detailing the method for measuring and verifying the energy savings guarantee in a guaranteed energy costs savings contract.

- The City's claim for breach of the covenant of good faith and fair dealing (Count Eight) should be dismissed because Alabama has limited such claims to the insurance contract context.

For these and for the reasons explained in Trane's supporting memorandum of law (which is being filed contemporaneously herewith), Trane respectfully requests that the Court grant its motion.

Respectfully submitted, this 29th day of April, 2022.

/s/ Matthew H. Lembke
Matthew H. Lembke
Stanley E. Blackmon
Riley A. McDaniel
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
mlembke@bradley.com
sblackmon@bradley.com
rmcdaniel@bradley.com

Steven R. Lindemann
   (*pro hac vice* forthcoming)
Benjamin D. Eastburn
   (*pro hac vice* forthcoming)

Stinson LLP
50 South Sixth Street
Suite 2600
Minneapolis, MN 55402
Telephone: (612) 335-1724
steve.lindemann@stinson.com
benjamin.eastburn@stinson.com

Luke VanFleteren
Stinson LLP
1625 N. Waterfront Parkway
Suite 300
Wichita, KS 67206
Telephone: (316) 265-8800
luke.vanfleteren@stinson.com

*Attorneys for Defendant Trane U.S. Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing on:

> John M. Johnson
> R. Ashby Pate
> Elizabeth L. Huntley
> LIGHTFOOT, FRANKLIN & WHITE LLC
> The Clark Building
> 400 20th Street North
> Birmingham, AL 35203
> Telephone: (205) 581-0700
> Facsimile: (205) 581-0799
>
> Brian C. Boyle
> LIGHTFOOT, FRANKLIN & WHITE LLC
> 1885 Saint James Place, Suite 1150
> Houston, Texas 77056
> Telephone: (713) 960-1488
> Facsimile: (713) 960-8991

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to his regular mailing address, on this the 29th day of April, 2022.

*/s/ Matthew H. Lembke*
OF COUNSEL