FILED

2022 Apr-29  PM 01:06
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **CITY OF BIRMINGHAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | |
| **TRANE U.S. INC., RICHARD** | ) | **2:22-cv-00541-CLM** |
| **CARSON, DANIEL SHABO, and** | ) | |
| **JOHN DOES 1 – 10,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT TRANE U.S. INC'S MEMORANDUM IN SUPPORT OF <u>PARTIAL MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)</u>

Defendant Trane U.S. Inc. ("Trane") submits this memorandum of law in support of its Partial Motion to Dismiss under Fed. R. Civ. P. 12(b)(6).  Doc. 2.

## TABLE OF CONTENTS

INTRODUCTION ..................................................................................1

BACKGROUND AND PROCEDURAL HISTORY ...............................................3

LEGAL STANDARD.............................................................................4

ARGUMENT .......................................................................................5

    I.    The City's fraud (Count One) and negligent misrepresentation (Count Two) claims are untimely. ...........................................................5

    II.    The City's negligence claim (Count Three) should be dismissed because it is duplicative of the City's breach-of-contract claim....................9

    III.    The City's implied warranty of good workmanship claim (Count Four) is barred because the Agreement disclaims all implied warranties. ..................................................................................11

    IV.    The City's unjust enrichment claim (Count Five) should be dismissed because it is untimely and because it is tied to the City's fraud claim. ......12

    V.    The City's declaratory judgment claim (Count Six) should be dismissed. ..................................................................................14

    VI.    The City's claim for breach of the covenant of good faith and fair dealing (Count Eight) should be dismissed because Alabama law does not recognize such a claim in this context. ................................16

CONCLUSION ..................................................................................17

**INTRODUCTION**

This is a breach of contract case.

Eight years ago, the City of Birmingham (the "City") and Trane began discussions to enter into a guaranteed energy cost savings contract that would allow the City to obtain critical and cost-saving updates to aging facilities. Those arm's-length negotiations ended in a deal—the City and Trane entered into a $61.3 million contract in August 2016 (the "Agreement").

The City now contends that Trane breached the Agreement. While the evidence will ultimately show that Trane committed no breach, the breach-of-contract claim will have to be litigated.

In an apparent effort to inject the possibility of punitive damages into the case, the City seeks to include fraud-based claims in the case, but that effort cannot succeed. Alabama law does not permit a party to transform a breach-of-contract claim into a fraud claim. That is especially so when, as here, the alleged fraudulent statements are, in reality, promises that were incorporated into the terms of the Agreement, which the City voluntarily executed after receiving the advice of its legal counsel and an independent technical consultant on energy savings contracts that was hired by the City.

As detailed below, all of the City's claims other than the breach-of-contract claim should be dismissed.

*First*, the City's fraud (Count One) and negligent misrepresentation (Count Two) claims are barred by the two-year statute of limitations. The City here alleges that Trane made fraudulent representations from 2014-2016, inducing the City to sign the contract in August 2016. But the City waited nearly six years—until March 30, 2022—to file this suit.

*Second*, the City's negligence claim (Count Three) is based on Trane's alleged breaches of duties arising out of the Agreement. Under Alabama law, a plaintiff cannot bring a negligence claim based on alleged contractual duties.

*Third*, the plain language of the Agreement bars the City's implied warranty of good workmanship claim (Count Four). Alabama law allows parties to contract to limit warranty coverage, and the Agreement excludes any implied warranties.

*Fourth*, the City's unjust enrichment claim (Count Five) fails for two reasons. The claim is untimely because it is based on alleged fraud and is thus subject to a two-year statute of limitations. And this claim also fails because it is based on the City's untenable fraudulent misrepresentation claim.

*Fifth*, the City's declaratory judgment claim (Count Six) should be dismissed because that is not a standalone cause of action. And even if it were an independent claim, the City's claim fails because there is no requirement in the applicable Alabama statute detailing the method for measuring and verifying the energy savings guarantee in a guaranteed energy costs savings contract.

2

*Finally*, the City's claim for breach of the covenant of good faith and fair dealing (Count Eight) should be dismissed because Alabama has limited these claims to the insurance context. Because the parties' contract is not an insurance contract, the City's claim is not viable under Alabama law.

## BACKGROUND AND PROCEDURAL HISTORY

1.      In 2014, the City and Trane began discussions to enter into an energy savings performance contract. According to the City, Trane—and its purported agents Richard Carson and Daniel Shabo—made various representations at various points from April 2014 until May 2016. Doc. 1-1, Compl. ¶¶ 12–19.[1]

2.      Allegedly relying on these representations, the City entered into the Agreement—called the PACT Agreement between the City of Birmingham Alabama and Trane U.S. Inc. dated as of 08/02/2016—"for the purpose of furnishing services designed to reduce energy consumption and operational costs at the premises, to guarantee a specified minimum level of energy savings, measurement and verification, and, where applicable furnish specified performance period services." *See* PACT^TM Agreement between City of Birmingham, Alabama and Trane U.S. Inc., Ex. 1 to Declaration of Sara Walden Brown, Doc. 1-3; *see also* Compl. ¶ 20.

---

[1] The Complaint's factual allegations are accepted as true only for purposes of this motion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

3.    The parties stated in the Agreement that total savings to the City during the energy savings period would be $102,266,448.  Doc. 1-4, Agmt. Ex. E, at 1 § 1. The parties also agreed to the methods by which energy savings would be measured and guaranteed, and the Agreement contains a provision providing for payments by Trane to the City if there are savings shortfalls.  *Id.* at Ex. E.  The Agreement also includes an express warranty and disclaims all implied warranties.  *Id.* at Doc. 1-3, § 7.02.

4.    On March 30, 2022, the City commenced this action in the Circuit Court of Jefferson County, Alabama, which Trane timely and properly removed to this Court.  Doc. 1-1, Compl.  The City's complaint asserts eight claims.  In addition to a claim for breach of contract—which Trane is not moving to dismiss at this time—the City asserts claims for fraud, negligent misrepresentation, negligence, breach of the implied warranty of good workmanship, unjust enrichment, declaratory judgment, and breach of the covenant of good faith and fair dealing.  *Id.*

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Doe v. Samford Univ.*, 29 F.4th 675, 685 (11th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

4

misconduct alleged." *Id.* (citation omitted).  A court may also "dismiss a complaint on a dispositive issue of law." *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018).

## ARGUMENT

## I.    The City's fraud (Count One) and negligent misrepresentation (Count Two) claims are untimely.

The Court should dismiss the City's fraud (Count One) and negligent misrepresentation (Count Two) claims because these claims are untimely.

Under Alabama law, the City's fraud and negligent misrepresentation claims are subject to a two-year statute of limitations.  *See* Ala. Code § 6-2-38(*l*); *Ex parte Booth*, 295 So. 3d 647, 657 (Ala. 2019) ("Under § 6-2-38(*l*), fraud-based actions are subject to a two-year statute of limitations."); *Fowler v. Provident Life & Accident Ins. Co.*, 256 F. Supp. 2d 1243, 1248 & n.4 (N.D. Ala. 2003). "A Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate 'if it is apparent from the face of the complaint that the claim is time-barred.'" *Gonsalvez v. Celebrity Cruises Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013) (citation omitted).

That is the case here.  In the Complaint, the City alleges that Trane made misrepresentations to it between 2014 and 2016.  According to the City, "[d]uring discussions before execution of the Agreement and in meetings and presentations seeking to obtain the City's approval of the project proposed by Trane, Trane— through Carson and Shabo, including in Trane's proposal submitted to the City in

April 2014, and in emails and presentation materials sent to the City in October 2015, March 2016, and May 2016—misrepresented" various facts to the City.  Doc. 1-1, Compl. ¶ 42.  The City also alleges that "[i]n April 2014, Trane submitted a proposal to make improvements to City facilities on a performance contracting basis.  In its proposal—which was submitted by Defendant [Richard "Rick"] Carson as the Trane project coordinator—Trane pitched a 'self-funding' project that would provide the City with state-of-the-art products and technology and long-term economic savings." *Id.* at ¶ 12.  It also alleges that "[a]fter completing the audit, Trane (through Defendants Carson and Shabo) represented to the City in October 2015 that the facility improvements could achieve $65 million in savings at a cost of $47 million to $57 million." *Id.* at ¶ 16. And the City alleges that Trane made representations to it in March 2016 and May 2016 through its employees. *Id.* at ¶¶ 18–19.  The City executed the contract with Trane in August 2016, allegedly "relying on Trane's promises." *Id.* at ¶ 20.

Although the City alleges that the misrepresentations occurred from 2014-2016, and that the alleged misrepresentations induced it to enter into the Agreement in August 2016, the City waited nearly six years to bring this lawsuit.  Thus, it is "apparent" from the face of the Complaint that the City's fraud and negligent misrepresentation claims are barred by the two-year statute of limitations. *See Booth*, 295 So. 3d at 658 (fraud claim was untimely when "the City appear[ed] to be

alleging that the false representations were made at or before the time the agreement was executed on January 17, 2008").

The City has not alleged—as it must—any basis to toll the limitations period. "Alabama Code § 6-2-3 provides a savings provision for fraud actions; if the statute of limitations creates a bar, 'the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action.'" *O'Shea v. OMi Holdings, Inc.*, No. 2:20-cv-01616-KOB, 2021 WL 4290803, at \*9 (N.D. Ala. Sept. 21, 2021) (quoting Ala. Code § 6-2-3).  But when, as here, "the face of the complaint indicates that more than two years have elapsed since commission of the allegedly fraudulent acts or statements, the plaintiff bears the burden of demonstrating that § 6-2-3 should toll the limitations period." *Walsh v. Chubb*, No. 4:20-CV-00510-HNJ, 2021 WL 5196628, at \*5 (N.D. Ala. Apr. 28, 2021); *accord Trondheim Cap. Partners LP v. Life Ins. Co. of Ala.*, No. 4:19-cv-1413-KOB, 2022 WL 893542, at \*22 (N.D. Ala. Mar. 25, 2022) ("The party seeking shelter under § 6-2-3 bears the burden of showing that his claims fall within it.").

To meet its burden, the City must allege (1) "the time and circumstances of [its] discovery of [its] causes of action"; (2) "the facts o[r] circumstances by which [Trane] concealed [the City's] causes of action or injury"; and (3) "what prevented [the City] from discovering the facts surrounding [its] injury." *Trondheim Cap.*

*Partners*, 2022 WL 893542, at \*22 (citing *DGB, LLC v. Hinds*, 55 So. 3d 218, 227 (Ala. 2010)).   The City also "must discharge [its] burden pursuant to Federal Rule of Civil Procedure 9(b)," which "requires plaintiffs to 'state with particularity the circumstances constituting fraud.'"  *Walsh*, 2021 WL 5196628, at \*6 (quoting Fed. R. Civ. P. 9(b)).

The City does not even try to show that the savings clause could revive its stale claims.  The Complaint does not allege "the time and circumstances" of the City's "discovery of [its] causes of action."  *See Trondheim*, 2022 WL 893542, at \*22.  The City also does not allege at all—and certainly does not allege with particularity—how Trane "concealed the existence of the fraud cause of action or prevented [the City] from discovering the alleged fraud."  *See Walsh*, 2021 WL 5196628, at \*6.  Indeed, the Complaint never once uses the word "conceal."  *See generally* Doc. 1-1, Compl.  When "the plaintiff fails to allege any of the facts or circumstances by which the [defendants] concealed the cause of action or injury and fails to allege what prevented [him] from discovering facts surrounding the [alleged fraud], he cannot invoke the savings clause."  *Kelly v. Taurus Int'l Mfg., Inc.*, No. 2:20-cv-01864-AKK, 2021 WL 2020611, at \*1 (N.D. Ala. Jan. 15, 2021) (quoting *Waldrup v. Hartford Life Ins. Co.*, 598 F. Supp. 2d 1219, 1227 (N.D. Ala. 2008)); *Booth*, 295 So. 3d at 658 (holding that fraud claim was untimely where plaintiff did

"not allege any facts in the amended complaint that would have prevented it from discovering any facts relating to the alleged fraud").

Because the City's fraud and negligent misrepresentation claims are time-barred on the face of the Complaint, and the City has alleged no basis to invoke the savings clause, the Court should dismiss these claims.  *See, e.g.*, *Walsh*, 2021 WL 5196628, at *5; *Kelly*, 2021 WL 2020611, at *1 (same); *Wells Fargo Bank, N.A. v. WOTM TV-19, Inc.*, No. 2:10-CV-3337-SLB, 2012 WL 13029533, at *4 (N.D. Ala. Mar. 12, 2012) (dismissing fraud claim because "the face of the [complaint] shows the claim is time-barred and does not fall within the savings clause").

## II.     The City's negligence claim (Count Three) should be dismissed because it is duplicative of the City's breach-of-contract claim.

The City's negligence claim (Count Three) should be dismissed because it is based on Trane's alleged breaches of contractual duties, which exist only because of the Agreement.

Under Alabama law, "when the duty allegedly breached is the duty created by the contract itself as opposed to the general duty of care owed to everyone, the court must treat the claim as a breach of contract and not as a tort."  *Halbert v. Credit Suisse AG*, 402 F. Supp. 3d 1288, 1324 (N.D. Ala. 2019) (quoting *Citizens Bank & Tr. v. LPS Nat'l Flood, LLC*, 51 F. Supp. 3d 1157, 1170 (N.D. Ala. 2014)).  Put differently, a plaintiff cannot bring a negligence claim when "the only possible

source for [the defendant's] duty would be in the contract." *Water Works Bd. of City of Birmingham v. Ambac Fin. Grp., Inc.*, 534 F. App'x 817, 821 (11th Cir. 2013).

The City's negligence claim asserts that Trane breached duties created by the Agreement. The City alleges that Trane "owed legal duties to the City in connection with the design and installation of the various equipment, systems, and other improvements installed by Trane at City facilities" and that "Trane breached its duties and obligations to the City by failing to provide adequate design, services, management, and oversight, and by failing to furnish and install equipment and systems that were free of defects in design, work, and materials and that worked correctly with regard to both the physical equipment and overall system design." Compl. ¶ 52. The "only possible source" of these duties is the Agreement itself. *See Water Works Bd. of City of Birmingham*, 534 F. App'x at 821. Moreover, the Agreement itself specifies and limits the remedies available for any breach.

Because Trane's alleged duties and breaches "would not exist but for the contractual relationship between the parties[,]" "the proper avenue for seeking redress . . . is a breach-of-contract claim." *Norfolk S. Ry. Co. v. Boatright R.R. Prods., Inc.*, No. 2:17-cv-01787-AKK, 2018 WL 2299249, at *10 (quoting *U.S.*

*Bank Nat'l Ass'n v. Shepherd*, 202 So. 3d 302, 314 (Ala. 2015)).[2]   The City's

negligence claim should be dismissed.

### III.   The City's implied warranty of good workmanship claim (Count Four) is barred because the Agreement disclaims all implied warranties.

The Court should dismiss Count Four of the Complaint—for breach of the

implied warranty of good workmanship—because the Agreement disclaims any

implied warranties.

The Agreement excludes implied warranties in the clearest terms:

> **THE WARRANTY, LIABILITY AND REMEDIES SET FORTH IN THIS SECTION ARE EXCLUSIVE AND IN LIEU OF ALL OTHER WARRANTIES, LIABILITIES, OR REMEDIES, WHETHER IN CONTRACT OR IN NEGLIGENCE, EXPRESS OR IMPLIED, IN LAW OR IN FACT, INCLUDING IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR USE OR FITNESS FOR A PARTICULAR PURPOSE.**

Ex. 1, Agmt. at 13, § 7.02 (emphasis and capitalizations in original).

"Contracting parties have a right to express the limitations under which they

will be bound, and such clearly manifested limitations will be recognized by the

---

[2] *Accord, e.g.*, *Cooper v. Sw. Marine & Gen. Ins. Co.*, No. 2:13-cv-1651-KOB, 2014 WL 769394, at *12–13 (N.D. Ala. Feb. 26, 2014) (dismissing negligence claim when "the source of duty in th[e] case [was] clearly the surety agreement"); *Buckentin v. SunTrust Mortg. Corp.*, 928 F. Supp. 2d 1273, 1290 (N.D. Ala. 2013) (finding negligence claim was "not actionable" when "the duty Defendant allegedly breached [was] based on a contract"); *McClung v. Mortg. Elec. Reg. Sys., Inc.*, No. 2:11-CV-03621-RDP, 2012 WL 1642209, at *8 (N.D. Ala. May 7, 2012) (dismissing tort claim when "all duties in this action" arose from contract).

courts." *Stewart v. Bradley*, 15 So. 3d 533, 542 (Ala. Civ. App. 2008) (quoting *Campbell v. S. Roof Deck Applicators, Inc.*, 406 So. 2d 910, 913 (Ala. 1981)); *accord Puckett, Taul & Underwood, Inc. v. Schreiber Corp.*, 551 So. 2d 979, 983 (Ala. 1989) ("Commercial parties may contract freely to limit the remedies available to them."). This "principle of freedom of contract" allows companies to "limit[ ] warranty coverage." *Turner v. Westhampton Ct., L.L.C.*, 903 So. 2d 82, 91 (Ala. 2004). A disclaimer of the implied warranty of good workmanship is thus enforceable under Alabama law. *See, e.g., id.* at 93–94 (affirming dismissal of implied warranty of workmanship claim because the contractual warranty "waive[d] the right to sue under any other theory of breach of warranty, express or implied" and "contained a disclaimer of the very claim" the plaintiffs alleged); *Stewart*, 15 So. 3d at 542 (holding that plaintiffs "waived their claim[] alleging breach of the implied warranties of habitability and workmanship").

Because the Agreement disclaims any implied warranties, the City cannot recover for breach of an implied warranty of good workmanship. The breach of implied warranty claim should be dismissed.

## IV. The City's unjust enrichment claim (Count Five) should be dismissed because it is untimely and because it is tied to the City's fraud claim.

The City's unjust enrichment claim (Count Five) should be dismissed for two separate and independent reasons: it is untimely, and it is based on an untenable fraud claim.

12

In assessing the timeliness of an unjust enrichment claim, a court "must look to the injury from which the claims arise and determine whether it could be classified as a tort injury or a contract injury." *Branch Banking & Tr. Co. v. McDonald*, No. 2:13-CV-000831-KOB, 2013 WL 5719084, at *7 (N.D. Ala. Oct. 18, 2013); *accord Auburn Univ. v. Int'l Bus. Machs. Corp.*, 716 F. Supp. 2d 1114, 1118 (M.D. Ala. 2010). "If a tort, 'a two-year statute of limitations governs th[e] claim.'" *Univalor Tr., SA v. Columbia Petroleum, LLC*, 315 F.R.D. 374, 382 (S.D. Ala. 2016) (citation omitted).

The City's unjust enrichment claim primarily arises from an alleged tort injury—specifically, fraud: The City in its unjust enrichment claim refers to "torts described in this Complaint" and to "Defendants' ***fraudulent misrepresentations***." Doc. 1-1, Compl., ¶¶ 59–60. This claim thus is subject to a two-year statute of limitations under Ala. Code § 6-2-38(*l*).

But as explained above, the Complaint alleges that these misrepresentations occurred from 2014-2016. The City filed this case in March 2022, well beyond the two-year limitations period. The unjust enrichment claim is thus untimely. *See Auburn Univ.*, 716 F. Supp. 2d at 1118–19 (holding that unjust enrichment claim that arose from "a classic tort injury" was barred by two-year statute of limitations).

Separately, the City's unjust enrichment claim fails because it is based on alleged fraudulent misrepresentations, and Plaintiff's fraudulent misrepresentation

claims fail. *See supra* at 5–9. When "a plaintiff cannot maintain a fraudulent misrepresentation claim against a defendant, that plaintiff will not be permitted a viable claim of unjust enrichment which is based on an untenable fraudulent misrepresentation claim." *Southern v. Pfizer, Inc.*, 471 F. Supp. 2d 1207, 1219 (N.D. Ala. 2006); *accord Ala. Aggregate, Inc. v. Powerscreen Crushing & Screening, LLC*, No. 2:21cv357-MHT, 2021 WL 4071884, at *4 (M.D. Ala. Sept. 7, 2021) (same).

For either of these reasons, the Court should dismiss the City's unjust enrichment claim.

## V.    The City's declaratory judgment claim (Count Six) should be dismissed.

The City's declaratory judgment claim (Count Six) should be dismissed.

To begin with, "[d]eclaratory judgments . . . are remedies, not stand-alone causes of action that can be pleaded as independent counts." *Griffin v. Lee Cty. Bd. of Educ.*, No. 3:16-cv-27-SMD, 2019 WL 1338896, at *6 (M.D. Ala. Mar. 25, 2019); *accord, e.g.*, *Townsend v. CitiMortgage Inc.*, No. 2:19-cv-251-RAH-SMD, 2021 WL 54201, at *7 n.5 (M.D. Ala. Jan. 6, 2021) ("[D]eclaratory judgment is not a substantive claim for relief, but instead a remedy."); *Cellemetry, LLC v. Mobile Star GPS, LLC*, No. 1:08-CV-2212-MHS, 2008 WL 11417231, at *2 (N.D. Ga. Sept. 12, 2008) ("A declaratory judgment is a remedy, not an independent cause of action."). The Court should thus dismiss the City's independent declaratory judgment count.

Even if the City could bring its declaratory judgment claim as a standalone count, the claim fails on the merits. Under Alabama law, a "guaranteed energy cost savings contract shall include a written guarantee of the qualified provider that either the energy or operational cost savings, or both, will meet or exceed the costs of the energy cost savings measures within the lesser of 20 years or the average useful life of the energy cost savings measures. The qualified provider shall reimburse the governmental unit for any shortfall of guaranteed energy cost savings on an annual basis." Ala. Code § 41-16-143(c). The City does not allege that the Agreement fails to contain such a written guarantee. Indeed, the Agreement expressly contains an energy savings guarantee, with a requirement that Trane make payments to the City in the event of a shortfall in the guaranteed savings. *See* Ex. 1, Agmt. Ex. E, at 1.

Instead, the City premises its claim on the theory that this written guarantee—and the measurements supporting it—are "illusory." Doc. 1-1, Compl. ¶ 64. But nothing in § 41-16-143 (or elsewhere in Alabama law) dictates a particular formula or measurement for assessing the energy cost savings in an energy cost savings contract. In fact, the statute clearly allows savings to include "future replacement expenditures avoided." Ala. Code § 41-16-141(4). This is precisely the type of savings that the City now claims are prohibited. The City cannot rewrite the statute to impose its own method of calculation and compliance. "[I]t is not the office of the court to insert in a statute that which has been omitted[;] . . . what the legislature

omits, the courts cannot supply." *Ex parte Christopher*, 145 So. 3d 60, 66 (Ala. 2013) (quoting *Pace v. Armstrong World Indus., Inc.*, 578 So. 2d 281, 284 (Ala. 1991)).  Because the Agreement includes the written guarantee with a requirement for shortfall payments required by Ala. Code § 41-16-143, the City's declaratory judgment claim should be dismissed.

## VI. The City's claim for breach of the covenant of good faith and fair dealing (Count Eight) should be dismissed because Alabama law does not recognize such a claim in this context.

Finally, the Court should dismiss the City's claim for an alleged breach of the covenant of good faith and fair dealing (Count Eight) because Alabama does not recognize such a claim in this context.  Instead, Alabama courts have limited claims for good faith and fair dealing to insurance contracts.

The Alabama Supreme Court has "consistently declined . . . to extend to the area of general contract law the tort of bad faith that [it] ha[s] recognized in the context of insurance contract cases."  *Grant v. Butler*, 590 So. 2d 254, 256 (Ala. 1991); *accord Harrell v. Reynolds Metals Co.*, 495 So. 2d 1381, 1388 (Ala. 1986). So when "the contract at issue is not an insurance contract," a plaintiff's "breach of implied covenant of good faith and fair dealing claim fails as a matter of law." *Buckentin v. SunTrust Mortg. Corp.*, 928 F. Supp. 2d at 1287; *accord, e.g.*, *Breaking Free, LLC v. JCG Foods of Ala., LLC*, No. 4:18-cv-01659-ACA, 2019 WL 1513978,

at *7 (N.D. Ala. Apr. 8, 2019); *Wallace v. SunTrust Mortg., Inc.*, 974 F. Supp. 2d 1358, 1368 (S.D. Ala. 2013).

Because the Agreement is not an insurance contract, the City's good faith and fair dealing claim fails as a matter of law.

## CONCLUSION

For these reasons, the Court should grant Trane's motion to dismiss Counts One, Two, Three, Four, Five, Six, and Eight of the City's complaint.

Respectfully submitted, this 29th day of April, 2022.

*/s/ Matthew H. Lembke*
Matthew H. Lembke
Stanley E. Blackmon
Riley A. McDaniel
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
mlembke@bradley.com
sblackmon@bradley.com
rmcdaniel@bradley.com

Steven R. Lindemann
    (*pro hac vice* forthcoming)
Benjamin D. Eastburn
    (*pro hac vice* forthcoming)
STINSON LLP
50 South Sixth Street
Suite 2600
Minneapolis, MN 55402
Telephone: (612) 335-1724

steve.lindemann@stinson.com
benjamin.eastburn@stinson.com

Luke VanFleteren
STINSON LLP
1625 N. Waterfront Parkway
Suite 300
Wichita, KS 67206
Telephone: (316) 265-8800
luke.vanfleteren@stinson.com

*Attorneys for Defendant Trane U.S. Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing on:

> John M. Johnson
> R. Ashby Pate
> Elizabeth L. Huntley
> LIGHTFOOT, FRANKLIN & WHITE LLC
> The Clark Building
> 400 20th Street North
> Birmingham, AL 35203
> Telephone: (205) 581-0700
> Facsimile: (205) 581-0799
>
> Brian C. Boyle
> LIGHTFOOT, FRANKLIN & WHITE LLC
> 1885 Saint James Place, Suite 1150
> Houston, Texas 77056
> Telephone: (713) 960-1488
> Facsimile: (713) 960-8991

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to his regular mailing address, on this the 29th day of April, 2022.

_/s/ Matthew H. Lembke_____
OF COUNSEL

19