FILED
2022 Jun-07  AM 11:42
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **CITY OF BIRMINGHAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No.** |
| | ) | |
| **TRANE U.S. INC., RICHARD** | ) | **2:22-cv-00541-CLM** |
| **CARSON, DANIEL SHABO, and** | ) | |
| **JOHN DOES 1 – 10,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT TRANE U.S. INC'S ANSWER TO AMENDED COMPLAINT

Defendant Trane U.S. Inc. ("Trane") makes the following answer to Plaintiff's general allegations and breach of contract claim in its Amended Complaint.  Trane denies each and every allegation not set out specifically as admitted herein.

### PARTIES

1.     Trane admits the allegations in the first sentence of Paragraph 1.  Trane lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1, and those allegations are therefore denied.

2.     Admitted.

3.     Trane admits that Rick Carson resides in Alabama.  Trane lacks knowledge or information sufficient to form a belief as to the truth of the allegations

in the third sentence of Paragraph 3, and those allegations are therefore denied. Trane denies the remaining allegations in Paragraph 3.

4.     Trane admits that Daniel Shabo is an employee of Trane.  Trane denies that Daniel Shabo resides in Alabama.  Trane lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4, and those allegations are therefore denied.

5.     Trane lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this Paragraph 5, and those allegations are therefore denied.

## JURISDICTION AND VENUE

6.     Trane admits the allegations in this paragraph that relate to Trane, Richard Carson, and Daniel Shabo.  Trane lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 6, so they are denied.

7.     Denied.

8.     Trane admits the allegations in the last sentence of Paragraph 8.  The remaining allegations in this paragraph are denied.

## CONDITIONS PRECEDENT

9.     Denied.

## CASE OVERVIEW

10.     Denied.

11.    Trane lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first two sentences of Paragraph 11, and those allegations are therefore denied.   Trane denies the remaining allegations in Paragraph 10.

12.    Trane denies that the City is entitled to any of the damages or relief it seeks.  Trane lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11, and those allegations are therefore denied.

## BACKGROUND

13.    The proposal referenced in Paragraph 13 is a written document that speaks for itself, and Trane denies any attempt to characterize its terms, meaning, or legal effect.

14.    Trane denies the allegations in the last sentence of Paragraph 14.  Trane admits that the direct quotations in Paragraph 14 appear in the proposal but have been removed from their proper context. The proposal is a written document that speaks for itself, and Trane denies any attempt to characterize its terms, meaning, or legal effect.

15.    Trane lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 15, and those allegations are therefore denied.  Trane admits that the direct quotations in the second sentence

of Paragraph 15 appear in the letter agreement but have been removed from their proper context.  The letter agreement is a written document that speaks for itself, and Trane denies any attempt to characterize its terms, meaning, or legal effect.

16.    Trane admits that it was given access to certain of the City's facilities and records. Trane further admits that it surveyed a number of City facilities and recommended energy conservation measures for certain City buildings.  As to the remaining allegations in Paragraph 16, they are denied as framed.

17.    Trane lacks knowledge or information sufficient to form a belief as to the truth of the allegations Paragraph 17, and those allegations are therefore denied.

18.    Trane admits the allegations in the first sentence of Paragraph 18 pertaining to discussions of the project scope and proposed contract.  Trane denies the allegations in the first sentence of Paragraph 18 pertaining to a financing structure proposed by Trane.   Trane lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations Paragraph 18, and those allegations are therefore denied.

19.    Denied as framed.

20.    Denied as framed.

21.    Trane denies the allegations in the last two sentences of Paragraph 21. Trane lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations Paragraph 21, and those allegations are therefore denied.

22.     Trane denies as framed the allegations in the first sentence of the Paragraph 22.  Trane denies the allegations in the last sentence of Paragraph 22.  As to the remaining allegations in Paragraph 22, the City attempts to characterize provisions of Alabama law that speak for themselves, and Trane denies as framed those characterizations.

23.     Trane admits that it entered into a Performance Agreement for Comfort from Trane with the City.  Trane lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23, and those allegations are therefore denied.

24.     The Agreement is a written document that speaks for itself, and Trane denies any attempt to characterize its terms, meaning, or legal effect.

25.     The Agreement is a written document that speaks for itself, and Trane denies any attempt to characterize its terms, meaning, or legal effect.

26.     Trane admits that the table contained in Paragraph 26 is found in Exhibit E to the Agreement.  As to the remaining allegations in Paragraph 26, the Agreement is a written document that speaks for itself, and Trane denies any attempt to characterize its terms, meaning, or legal effect.

27.     Denied.

28.     Trane admits that the table contained in Paragraph 28 is found in Exhibit E.8 to the Agreement.  As to the remaining the remaining allegations in

Paragraph 28, the Agreement is a written document that speaks for itself, and Trane denies any attempt to characterize its terms, meaning, or legal effect.

29.    Trane lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 29, and those allegations are therefore denied. Trane denies the remaining allegations in Paragraph 29.

30.    Trane denies the allegation in the first sentence of Paragraph 30 that Carson and Shabo created and monitored formulas.  Trane denies the allegations in the last sentence of Paragraph 30.  As to the remaining allegations in Paragraph 30, the Agreement is a written document that speaks for itself, and Trane denies any attempt to characterize its terms, meaning, or legal effect.

31.    Denied as framed.

32.    Denied.

33.    Denied.

34.    Trane denies the allegations in the first and third sentences of Paragraph 34. Trane lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 34, and those allegations are therefore denied.

35.    Denied as framed.

36.    Denied as framed.

37.    Denied as framed.

38.     Trane admits the allegations in the second sentence of Paragraph 38. Trane denies the allegations in the last sentence of Paragraph 38.  Trane denies as framed the remaining allegations in Paragraph 38.

39.     Denied.

40.     Trane denies the allegations in the last two sentences of Paragraph 40. As to the allegations in the first sentence of Paragraph 40, any progress reports that contain installation period savings calculations speak for themselves, and Trane denies any attempt to characterize the reports' terms, meaning, or legal effect.  Trane lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 40, and those allegations are therefore denied.

41.     As to the allegations in the first sentence of Paragraph 41, the Agreement is a written document that speaks for itself, and Trane denies any attempt to characterize its terms, meaning, or legal effect.  The allegations in the second sentence in Paragraph 41 are admitted.  The allegations in the third sentence in Paragraph 41 are denied.

42.     Trane denies the allegations in the first and last sentences of Paragraph 42. The remaining allegations in Paragraph 42 pertain to written reports which speak for themselves, and Trane denies any attempt to characterize the reports' terms, meaning, or legal effect.

7

43.     Trane denies the allegations in the first and third sentences of Paragraph 43.  Trane lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 43, and those allegations are therefore denied.  The remaining allegations in Paragraph 43 pertain to a written report, and Trane denies any attempt to characterize the report's terms, meaning, or legal effect.

44.     Trane denies the allegations in the second sentence of Paragraph 44. Trane lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44, and those allegations are therefore denied.

45.     Denied.

46.     Denied.

47.     Denied.

48.     Denied.

## Count One– Fraud and Fraud in the Inducement

49.     Trane has moved to dismiss this Count, so no response is required at this time.

50.     Trane has moved to dismiss this Count, so no response is required at this time.

51.     Trane has moved to dismiss this Count, so no response is required at this time.

52.     Trane has moved to dismiss this Count, so no response is required at this time.

53.     Trane has moved to dismiss this Count, so no response is required at this time.

54.     Trane has moved to dismiss this Count, so no response is required at this time.

55.     Trane has moved to dismiss this Count, so no response is required at this time.

### Count Two – Negligent Misrepresentation

56.     Trane has moved to dismiss this Count, so no response is required at this time.

57.     Trane has moved to dismiss this Count, so no response is required at this time.

58.     Trane has moved to dismiss this Count, so no response is required at this time.

59.     Trane has moved to dismiss this Count, so no response is required at this time.

60.     Trane has moved to dismiss this Count, so no response is required at this time.

61.     Trane has moved to dismiss this Count, so no response is required at this time.

## Count Three – Negligence

62.     Trane has moved to dismiss this Count, so no response is required at this time.

63.     Trane has moved to dismiss this Count, so no response is required at this time.

64.     Trane has moved to dismiss this Count, so no response is required at this time.

65.     Trane has moved to dismiss this Count, so no response is required at this time.

## Count Four – Breach of Implied Warranty of Good Workmanship

66.     Trane has moved to dismiss this Count, so no response is required at this time.

67.     Trane has moved to dismiss this Count, so no response is required at this time.

68.     Trane has moved to dismiss this Count, so no response is required at this time.

## Count Five – Unjust Enrichment

69.    Trane has moved to dismiss this Count, so no response is required at this time.

70.    Trane has moved to dismiss this Count, so no response is required at this time.

71.    Trane has moved to dismiss this Count, so no response is required at this time.

72.    Trane has moved to dismiss this Count, so no response is required at this time.

## Count Six – Declaratory Judgment

73.    Trane has moved to dismiss this Count, so no response is required at this time.

74.    Trane has moved to dismiss this Count, so no response is required at this time.

75.    Trane has moved to dismiss this Count, so no response is required at this time.

## Count Seven – Breach of Contract

76.    Trane incorporates its responses to the preceding paragraphs as if fully set forth herein.

77.     Trane admits that the City and Trane entered into a valid, binding, and enforceable contract.  Trane denies the remaining allegations in Paragraph 66.

78.     Denied.

79.     Denied.

**Count Eight – Breach of Covenant of Good Faith and Fair Dealing**

80.     Trane has moved to dismiss this Count, so no response is required at this time.

81.     Trane has moved to dismiss this Count, so no response is required at this time.

82.     Trane has moved to dismiss this Count, so no response is required at this time.

**DAMAGES**

83.     Trane denies that the City is entitled to any of the damages or relief it seeks.

84.     Trane denies that the City is entitled to any of the damages or relief it seeks.

**VII.  FRAUDULENT CONCEALMENT & TOLLING OF LIMITATIONS PERIOD**

85.     Denied.

86.     Denied.

87.     Trane denies the allegations in the first sentence of Paragraph 87. Trane lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 87, and those allegations are therefore denied.

88.     Denied.

89.     Denied.

90.     Denied.

## JURY DEMAND

91.     Trane admits that the City demands a jury trial. Trane denies that the City is entitled to a jury trial based on § 8.10 of the Agreement.

In response to the City's prayer for relief following Paragraph 91 of the Complaint, Trane denies that it is liable to Plaintiff on any ground or that any relief should be awarded to the City.

## AFFIRMATIVE AND OTHER DEFENSES

Discovery and investigation may reveal that one or more of the following additional defenses should be available to Trane in this case. Trane accordingly asserts these separate and additional defenses. Upon completion of discovery, if the facts warrant, Trane may withdraw any of these additional defenses as may be appropriate.

By setting forth these additional defenses, Trane does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly

belongs to the City or any other party or non-party.  Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject necessarily is relevant to the City's allegations.  Trane further reserves the right to amend its Answer and Additional Defenses, and to assert additional defenses and other claims, as this matter proceeds.

As for additional defenses to the Complaint, and without assuming any burden of pleading or proof that would otherwise rest on the City, Trane alleges as follows:

### First Defense

The City's Complaint fails to state a cause of action on which relief can be granted.

### Second Defense

The City's claims are barred in whole or in part by its failure to satisfy conditions precedent.

### Third Defense

The City's claims are barred in whole or in part by its failure to adhere to the dispute resolution procedures contained in Section 8.10 of the Agreement.

### Fourth Defense

The City's alleged damages were not caused by Trane.

### Fifth Defense

The City's claims are time barred under Ala. Code §§ 6-5-220, *et seq*.

14

### Sixth Defense

The City's claims are barred in whole or in part by estoppel, waiver, and forfeiture.

### Seventh Defense

The City's claims are barred in whole or in part by the statute of frauds.

### Eighth Defense

The City's claims are barred in whole or in part by the parol evidence rule.

### Ninth Defense

The City's claims are barred in whole or in part by accord and satisfaction.

### Tenth Defense

The City's claimed damages are barred in whole or in part by damages limitations and limited remedies agreed to by the City in the Agreement.

### Eleventh Defense

The City's claims are barred in whole or in part by its failure to comply with the Agreement.

### Twelfth Defense

The City's claims are barred in whole or in part are barred by the statute of limitations.

### Thirteenth Defense

The City's claims are barred in whole or in part by doctrine of laches.

### Fourteenth Defense

The City's claims are barred in whole or in part by assumption of the risk.

### Fifteenth Defense

The City's claimed damages are barred in whole or in part by its failure to mitigate damages.

### Sixteenth Defense

The City's claim for breach of contract is barred by its prior material breach.

### Seventeenth Defense

The City's tort claims are barred in whole or in part by the economic loss doctrine.

### Eighteenth Defense

The City's claims are barred in whole or in part by the doctrine of unclean hands.

### Nineteenth Defense

The City's claims for punitive damages violate the Commerce Clause of Article I; Section 8 of the United States Constitution; the Contracts Clause of Article I, Section 10 of the United States Constitution; the prohibition against ex post facto laws embodied in Article I, Section 10 of the United States Constitution; the Full Faith and Credit Clause of Article IV, Section 1 of the United States Constitution; the Supremacy Clause of Article VI of the United States Constitution; the Free

Speech Clause of the First Amendment of the United States Constitution; the Takings Clause of the Fifth Amendment of the United States Constitution; the Right to Counsel of the Sixth Amendment of the United States Constitution; the Right to Trial by Jury contained in the Seventh Amendment of the United States Constitution; and the Excessive Fines and Penalties clause of the Eighth Amendment and the Fourteenth Amendment to the United States Constitution. These claims also violate Trane's due process and equal protection rights guaranteed by the Fifth Amendment to the United States Constitution, and by provisions of the Alabama Constitution.

### Twentieth Defense

No act or omission of Trane was malicious, willful, wanton, reckless, grossly negligent or intentional and, therefore, any award of punitive damages is barred.

### Twenty-First Defense

The City's claims for punitive damages violate Trane's state and federal constitutional rights, including Trane's rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution and similar provisions of the Constitution, laws, public policies, and statutes of Alabama or any other State or Commonwealth of the United States whose laws might be deemed controlling in this case.

### Twenty-Second Defense

The City's claims for punitive damages violate Trane's rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States

Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution; and similar provisions in the Constitution, laws, public policies, and statutes of Alabama or any other State or Commonwealth of the United States whose laws might be deemed controlling in this case, insofar as such damages are awarded by a jury or other fact-finder that: (a) is not provided with a standard of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award; (b) is not adequately and clearly instructed on the limits of punitive damages imposed by the applicable principles of deference and punishment; (c) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status, wealth, or state of residence of Trane; (d) is permitted to award punitive damages under a standard for determining liability for such damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (e) is permitted to award punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, if any, to the City; (f) is permitted to award punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to the City and to the amount of compensatory

damages, if any; and (g) is not subject to trial court and appellate judicial review for reasonableness and the furtherance of legitimate purposes on the basis of objective standards. Any such verdict would violate Trane's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process and equal protection provisions of the applicable state constitution and would be improper under the common law and public policies of that state.

### Twenty-Third Defense

The City's claims for punitive damages violate Trane's rights under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution; the Excessive Fines Clause of the Eighth Amendment of the United States Constitution; the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution; and similar provisions in the Constitution, laws, public policies, and statutes of Alabama or any other State or Commonwealth of the United States whose laws might be deemed controlling in this case, insofar as such damages are: (a) imposed and determined without bifurcating the trial and trying all punitive damages issues only if and after the liability of Trane has been found on the merits, and (b) imposed and determined based on anything other than Trane's conduct in connection with the sale of the product alleged in this litigation, or in any other way subjecting Trane to impermissible multiple punishments for the same alleged wrong.

### Twenty-Fourth Defense

With respect to the City's demand for punitive damages, Trane specifically incorporates by reference any and all standards or limitations regarding the determination and enforceability of such damage awards set forth in the decisions of *BMW v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 121 S. Ct. 1678 (2001), *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003), and *Philip Morris USA v. Williams*, 549 U.S. 346, 127 S. Ct. 1057 (2007).

### Twenty-Fifth Defense

Trane adopts the terms of any applicable legislative act, Supreme Court of Alabama decision, or federal decision which now or hereafter bars the City's claims, precludes punitive damages, or limits the amount of punitive damages that can be recovered in an action at law.

### Twenty-Sixth Defense

The City's claims are barred in whole or in part by contributory negligence.

### Twenty-Seventh Defense

The City's claimed damages resulted solely from acts or omissions of the City and/or other third parties over whom Trane had no control.

### Twenty-Eighth Defense

To the extent that any additional affirmative defenses asserted by another

defendant are applicable to Trane, Trane adopts those herein by reference.

## Twenty-Ninth Defense

Trane adopts and incorporates by reference all defenses asserted in its Partial

Motion to Dismiss Plaintiff's Amended Complaint.

## Thirtieth Defense

Trane reserves the right to amend its Answer and Affirmative Defenses as

additional defenses become known in discovery.

Respectfully submitted, this 7th day of June, 2022.

/s/ Matthew H. Lembke
Matthew H. Lembke
Stanley E. Blackmon
Riley A. McDaniel
BRADLEY ARANT BOULT CUMMINGS LLP
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
mlembke@bradley.com
sblackmon@bradley.com
rmcdaniel@bradley.com

Steven R. Lindemann
    (admitted *pro hac vice*)
Benjamin D. Eastburn
    (admitted *pro hac vice*)
STINSON LLP
50 South Sixth Street
Suite 2600
Minneapolis, MN 55402
Telephone: (612) 335-1724
steve.lindemann@stinson.com
benjamin.eastburn@stinson.com

Luke VanFleteren
STINSON LLP
1625 N. Waterfront Parkway
Suite 300
Wichita, KS 67206
Telephone: (316) 265-8800
luke.vanfleteren@stinson.com

*Attorneys for Defendant Trane U.S. Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have this 7th day of June 2022, filed the foregoing using the CM/ECF system, which will serve notice of such filing upon all counsel of record.

/s/ Matthew H. Lembke
OF COUNSEL